*J. E. McDonald*, *A. L. Roache*, *J. M. Allen* and *T. N. Rice*, for appellees.

---

## DOWNEY v. HINCHMAN and Another.

CONTRACT.—CONSIDERATION.—A promise is a good consideration for a promise, with or without performance.

STATUTE OF FRAUDS.—In order to make a promise collateral, so as to bring it within that provision of the statute of frauds which requires a promise to answer for the debt, default or miscarriage of another to be in writing, the party for whom the promise is made must be liable to the party to whom it is made.

APPEAL from the *Rush* Common Pleas.

GREGORY, J.—*Hinchman*, *Smelser* and *Moffett* sued *James Downey* in the court below to recover one-eighth of the cost of procuring eight substitutes for the plaintiffs, *Archibald Downey*, a minor son of the defendant, *Armstrong*, *McClannon*, *Berry* and *Kirkpatrick*, who, together with eight others, had been drafted into the service of the *United States* under the call of the President, in *Jackson* township, in *Rush* county. The fourth paragraph of the complaint avers that, being so drafted, the plaintiffs, the defendant and the other persons named, entered into an agreement with each other

that they would procure eight men to enter the service to the credit of the township, and thereby release the above named persons from the draft, and that each of them promised and agreed to pay an equal part, to-wit, one-eighth of the amount required to procure the substitutes. That, as a part of the agreement, the plaintiffs were appointed a committee to procure the men and place them in the service to the credit of the township; that the plaintiffs procured the men and caused them to be mustered into the service to the credit of the township, and paid for and on account thereof, on the faith of said agreement, the sum of $4,136; that all of the parties to the agreement had paid the amounts so agreed to be paid by them except the defendant, who, on demand, refused to pay. The defendant answered this paragraph of the complaint in seven paragraphs. Issues were taken on six of the seven. Trial by jury; verdict for the plaintiffs. A demurrer was sustained to the third paragraph of the answer, and that is assigned for error. This paragraph avers that the promise was not in writing. The evidence is in the record. A motion by the defendant for a new trial was overruled. We have carefully considered the evidence and we think the judgment is for $50 less than it should have been.

It is contended that there was no consideration for the promise of the defendant. A promise is a good consideration for a promise, with or without performance. But in the case in judgment the plaintiffs paid out their money on the faith of the defendant's promise. In *Holmes et al.* v. *Dana,* 12 Mass. 190, sundry persons agreed to lend to the editor of a newspaper the sums set against their respective names, the same to be paid to one of their number as agent, &c. The agent advanced money to the editor on the ground of the subscription, and it was held that he had a right of action against a subscriber who had refused to pay the sum he had subscribed.

It is urged that the promise of the defendant was to answer for the debt, default or miscarriage of another, and

is not binding because it was not in writing. This is not a collateral but an original promise, and is therefore not within the statute of frauds. To make the promise collateral, the party for whom the promise is made must be liable to the party to whom it is made. In *Hargraves* v. *Parsons*, 13 Mees. & Wels. 560, PARKE, B., says: "The statute applies only to promises made to the person to whom another is already, or is to become, answerable. It must be a promise to be answerable for a debt of, or a default in some duty by, that other person toward the promisee." In the case in judgment, *Archibald Downey*, the minor son of the defendant, was in no way liable to the plaintiffs. If the plaintiffs had procured a substitute for him without his request, there would have been no liability thereby created from him to them. The substitute was procured by the plaintiffs on the promise and agreement of the defendant, and he alone is liable therefor.

The judgment is affirmed with costs, and ten per cent. damages.

*J. S. Reid, W. Cassidy* and *W. A. Cullen,* for appellant.

*B. F. Claypool, J. M. Wilson* and *L. Sexton,* for appellees.