Pettit v. Braden.

---

## PETTIT v. BRADEN.

STATUTE OF FRAUDS.—*Sale of Personalty.—Instruction to Jury.*—At a public sale, by the plaintiff, of his personal property, a portion thereof was bid off by a person who, being unable to give security for the purchase price, could not obtain possession thereof; whereupon the defendant verbally agreed that he would see that the plaintiff got his pay, if he would deliver such property to the bidder, to which the plaintiff acceded and made such delivery to the bidder.

*Held,* in a suit by the plaintiff, against the defendant, to recover such purchase price, that such agreement is void by the statute of frauds.

*Held,* also, that an instruction to the jury trying such cause, that such agreement made the defendant liable for such price, was erroneous.

*Held,* also, that the test, as to whether the defendant in such case is liable, is, whether any credit *whatever* was given to the person receiving the property, and if there was, then the defendant is not liable.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*C. D. Jones*, for appellee.

HOWK, J.—This was an action by the appellee, as plaintiff, against the appellant, as defendant, in the court below, to recover the value of certain personal property, described in a bill of particulars filed with the complaint, alleged to have been sold and delivered by the appellee, to the appellant.

To appellee's complaint, the appellant answered in three paragraphs, as follows:

1st.   A general denial;

2d.   Payment in full; and,

3d.   For a further answer to that portion of appellee's complaint, which sought to recover judgment for the oats and corn, mentioned in the bill of particulars filed with said complaint, the appellant said, that, before this suit was commenced, the appellee and the appellant had a settlement of all claims of every kind whatsoever existing between them; that said claim for oats and corn, referred to in appellee's complaint and bill of particulars, entered into and formed a part of said settlement, and was paid and satisfied; and for answer to the balance of the claim sued on by appellee, the appellant denied each and every allegation thereof.

To the second and third paragraphs of appellant's answer, the appellee replied by a general denial.

And the action being at issue was tried by a jury, in the court below, and a verdict was returned for the appellee.   And, on written causes filed, the appellant moved the court below for a new trial, which motion was overruled by the court, and to this decision the appellant excepted, and judgment was then rendered upon the verdict, in favor of the appellee and against the appellant, from which this appeal is here prosecuted.

In this court, the appellant has alleged, as error, the decision of the court below, overruling his motion for a new trial.   In his motion, the appellant assigned the following causes for a new trial:

1st.　That the verdict was not sustained by sufficient evidence;

2d.　That the verdict was contrary to law; and,

3d.　Error of law, occurring at the trial and excepted to by appellant, in this: That the court below, over appellant's exception and objection, on its own motion, erroneously charged the jury as follows: "If you find from the evidence, that, at the time of the sale of the hay, mentioned in the plaintiff's bill, that the plaintiff and another man, other than the defendant, were talking about the purchase of said hay, and that the defendant stepped up and told the plaintiff to let the person they were conversing with have the hay, and that he, the defendant, would see it paid for, and thereupon the plaintiff did let said other person have it and parted with the possession, this, the court instructs you, was a sale to the defendant,"—as set out and excepted to in bill of exceptions No. 1, then on file in said cause.

If the instruction of the court below, to the jury trying the cause, was a correct statement of the law applicable to this cause, the judgment must be affirmed; otherwise, it must be reversed. For, although the evidence was directly conflicting, yet we could not disturb the verdict on that account, as it is the peculiar province of the jury to reconcile conflicting evidence, and to determine which of the witnesses is the more worthy of belief, for which purpose the jury have opportunities and facilities that we can not possibly have.

On the trial in the court below, the appellee testified, in his own behalf, that he had had a public sale on the 29th day of November, 1870, at which a man named Meeks had bid off some corn, hay and oats, but when he came to make a settlement therefor, he could not give security; that appellant then told the appellee, that he would take the corn and oats bid off by Meeks, as his own, and that, if Meeks should get the hay, he, the appellant, would see that the appellee should get his pay for it; and that he,

the appellee, called on the appellant, the next morning, for the purpose of getting the matter in definite shape, and that appellant then said, " Braden, if Meeks gets that hay, I will see that you get your pay."

This evidence puts the case of the appellee in its most favorable light for him; and it is evident, we think, that the promise of the appellant, as stated in appellee's own evidence, was apparently within the second case in the 1st section of the statute of this State, for the prevention of frauds, etc., approved June 9th, 1852. 1 R. S. 1876, p. 503. Appellant's promise was, clearly, that he would answer for the debt or default of Meeks, and was not in writing, nor was there any memorandum or note thereof, signed by the appellant or by any person thereunto by him lawfully authorized. It is often very difficult to determine whether or not it was intended by the parties that the liability of a promisor, in such a case as this, should be primary or only collateral. The true rule seems to be, that, if any credit at all be given to the person getting the goods or property, then the promise of the third person must be held to be collateral, and, if not in writing, within the statute of frauds. In such a case as this, where the appellant's promise was wholly parol, the important and controlling question for the jury was this: To whom, do you find, from the preponderance of the evidence, was credit given by appellee for his hay? Did the appellee, from the evidence, give any credit at all to Meeks?

And here, in our opinion, was the error in the instruction of the court below, to the jury trying this cause. It should have been left to the jury to determine, from the weight of the evidence, whether or not the appellee let Meeks have his hay wholly upon appellant's credit. And the court below should have instructed the jury, that, unless they found that appellee let Meeks have the hay wholly upon appellant's credit, or if they found that appellee gave any credit at all to Meeks in the transaction,

then there was no sale of the hay, by appellee, to appellant; and in that case, if they found from the evidence, that appellant's promise to the appellee was not in writing, then the promise was within the statute of frauds, and they must find for the appellant. *Ellison* v. *Wisehart*, 29 Ind. 32; *Crosby* v. *Jeroloman*, 37 Ind. 264.

For the third cause, assigned by appellant for a new trial of this action, in our opinion, his motion for such new trial ought to have been sustained; and, for the error committed by the court below, in overruling that motion, the judgment of that court must be reversed.

Judgment reversed, at appellee's costs, and cause remanded, with instructions to the court below to sustain appellant's motion for a new trial, and for further proceedings.