Johnson *v.* Hoover *et al.*

---

No. 7786.

JOHNSON *v.* HOOVER ET AL.

72  395
139  186

PRINCIPAL AND AGENT.—*Contract.—When Accepted as Entirety by Principal.—Remedy.*—Where an agent makes a sale without disclosing his principal, the latter may claim the contract as his own and bring any suit thereon which the agent could have maintained if he had made the sale for himself. But, in such case, the principal must take the contract of sale as a whole, as the agent made it. He can not accept the naked sale, and sue for the value. rejecting the special consideration and mode of payment stipulated for. He can have, under the contract, only such remedies as the agent could have had if he had been the principal.

SAME.—*Ratification by Principal.*—If the contract of sale by the agent was unauthorized, and the principal is not in some way estopped, he may reclaim the property sold, but, by bringing suit for the value thereof, he thereby affirms the contract of sale.

---

Johnson *v.* Hoover *et al.*

---

PROMISE.—*Statute of Frauds.*—Where one promises to pay for an article delivered to another, such promise is an original one, and not within the statute of frauds.

SAME.—SPECIFIC PERFORMANCE.—*Note and Mortgage.*—*Damages.*—*Disaffirmance of Contract.*—The specific performance of a promise to execute a note and mortgage for the sale of personal property can not be enforced, but for a breach thereof there may be an action for damages; and if such property was fraudulently obtained, upon a promise to execute a note and mortgage. the vendor could doubtless disaffirm the contract and reclaim the property.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake*, for appellant.
*J. V. Hadley* and *J. O. Parker*, for appellees.

WOODS, J.—The appellees sued the appellant for the value of "one Excelsior Reaper and Mowing Machine Combined," by them sold and delivered to him, at his request, for the price of one hundred and fifty dollars.

The defendant answered to the following effect: That, about the time alleged in the complaint, he received and became the owner of the machine described in the plaintiffs' bill of particulars in this way, to wit: Charles Ballard and Anselm Hobbs, being in the business of retailing agricultural implements, agreed to deliver said machine to the defendant, to be his property forever, upon consideration that one James T. Fisher would agree to execute his promissory note for $150, to said Ballard & Hobbs, whenever thereafter requested so to do by them, said note to be secured by mortgage on certain real estate of said Fisher; that Fisher agreed to execute the note and mortgage whenever thereafter requested so to do by said Ballard & Hobbs; and said machine was thereupon delivered to the defendant, under said agreement, and not otherwise; that the defendant at the time had no knowledge but that he was dealing with said Ballard & Hobbs in their individual capacity, and if, in fact, they were acting as the agents of the plaintiffs in the transaction, the fact was not disclosed to the defendant. Wherefore, etc.

A demurrer was sustained to this answer, and, the defendant declining to amend or plead further, judgment was given for the plaintiffs. The ruling on this demurrer presents the only question in the record.

The appellees have furnished no brief, and we are not informed in what respect the plea was deemed insufficient.

There can be no doubt that, if Ballard & Hobbs were the factors or agents of the appellees in the sale of the goods, they had a right to claim the contract as their own, and bring any suit which Ballard & Hobbs could have maintained if they had made the sale for themselves. *Brooks* v. *Doxey, ante,* p. 327. But it is equally true that, in appropriating the contract of sale as their own, the appellees were bound to take it as a whole, and as their agents made it. They could not accept the naked sale and sue for the value, rejecting the special consideration and mode of payment, which were stipulated for. In other words, since, by bringing the suit, they recognized the sale as made by their agents, they can have, under the contract, only such remedies as Ballard & Hobbs, with whom the defendant dealt as principals, could have had, if they had, in fact, been the principals. If the sale was unauthorized, and the appellees were in no way estopped, they might, probably, have reclaimed the property. But, by bringing *assumpsit*, they affirmed the contract. Story on Sales, sec. 434. We see no defect or invalidity in the contract set out in the answer. It was clearly competent for Fisher to make a good promise to pay for goods sold and delivered to the defendant, as stated. The statute of frauds did not forbid it. The promise was original on the part of Fisher, enuring to the benefit of the defendant, but the defendant neither made any promise nor incurred any liability, to which the undertaking of Fisher could be called collateral. *Downey* v. *Hinchman,* 25 Ind. 453; *Pettit* v. *Braden,* 55 Ind. 201; *Anderson* v. *Spence, ante,* p. 315.

It is true that specific performance of a promise to execute a note and mortgage can not be enforced. But, for the breach of such a promise, the injured party has his action for damages. Or, if the property was obtained fraudulently, upon a promise to execute such securities, the seller could doubtless disaffirm the contract and reclaim the property. Story, *supra.* These remedies were open to the appellees, but against Fisher and not against the appellant. The demurrer should have been overruled.

Judgment reversed, with costs.