HENRY B. JOHNSON V. ABEL HOOVER, CHARLES R. ALLEN AND
WILLIAM GAMBLE.

1. *Principal and Agent.*—Where a factor or agent makes a sale without dis-
closing the principal, the latter can adopt the contract as his own, and enforce it.
But in such case the principal must appropriate the contract as a whole, and as
the agent made it. He cannot accept the naked sale and sue for the value,
rejecting a special consideration and mode of payment stipulated for; and can
have only such remedies as the agent could have had, if, in fact, he had been the
principal.

2. *Authority of Agent—Repudiation or Ratification of Contract.*—If, however, a
contract of sale is wholly unauthorized, so that the principal is not estopped to
repudiate it, the property may be reclaimed by the latter. But if he sues on the
contract, he thereby ratifies it.

3. *Statute of Frauds.*—If a party makes a promise to pay for goods sold and
delivered to another, the promise may be an original one, and not fall within the
statute of frauds as a collateral undertaking.

4. *Specific Performance of Promise to Execute a Note and Mortgage.*—Such a
promise on the sale of personal property cannot be enforced in an action for specific
performance. The breach will support an action for damages; or if the property
was fraudulently obtained on such promise, the contract may be disaffirmed, and
the property reclaimed.

Filed April 2, 1881.

Appeal from Hendricks.

Hogate & Blake, for appellant, cited 25 Ind. 453; 55 Ind.
201; McDonald's Treatise, p. 394; Bishop on Contracts, §§ 519–
520, as to statute of frauds.

Opinion of the court by Mr. Justice Woods.

The appellees sued the appellant for the value of " one Excel-
sior Reaper and Mowing Machine Combined," by them sold and
delivered to him at his request, for the price of one hundred and
fifty dollars.

The defendant answered to the following effect: That, about
the time alleged in the complaint, he received and became the
owner of the machine described in the plaintiff's bill of particulars
in this way, to-wit: Charles Ballard and Anslem Hobbs, being in
the business of retailing agricultural implements, agreed to deliver
said machine to the defendant, to be his property forever, upon

consideration that one James T. Fisher would agree to execute his promissory note for one hundred and fifty dollars to said Ballard & Hobbs whenever thereafter requested so to do by them, said note to be secured by mortgage on certain real estate of said Fisher. That Fisher agreed to execute the note and mortgage whenever thereafter requested so to do by said Ballard & Hobbs; and said machine was thereupon delivered to the defendant under said agreement, and not otherwise. That the defendant, at the time, had no knowledge but that he was dealing with said Ballard & Hobbs in their individual capacity, and if, in fact, they were acting as the agents of the plaintiffs in the transaction, the fact was not disclosed to the defendant. Wherefore, etc.

A demurrer was sustained to this answer; and the defendant declining to amend, or plead further, judgment was given for the plaintiffs.

The ruling on this demurrer presents the only question in the record.

The appellees have furnished no brief, and we are not informed in what respect the plea was deemed insufficient.

There can be no doubt that if Ballard and Hobbs were the factors, or agents of the appellees, in the sale of the goods, they had a right to claim the contract as their own, and bring any suit which Ballard and Hobbs could have have maintained if they had made the sale for themselves. *Brooks* v. *Doxey* (at this term).

But it is equally true that in appropriating the contract of sale as their own, the appellees were bound to take it as a whole, and as their agents made it. They could not accept the naked sale, and sue for the value, rejecting the special consideration and mode of payment which were stipulated for. In other words, since by bringing the suit they recognized the sale as made by their agents, they can have under the contract only such remedies as Ballard and Hobbs, with whom the defendant dealt as principals, could have had, if they had in fact been the principals. If the sale was unauthorized, and the appellees were in no way estopped, they might probably have reclaimed the property; but by bringing *assumpsit*, they affirmed the contract. Story on Sales, sec. 434.

We see no defect or invalidity in the contract set out in the answer. It was clearly competent for Fisher to make a good

promise to pay for goods sold and delivered to the defendant as stated. The statute of frauds did not forbid it. The promise was original on the part of Clark, inuring to the benefit of the defendant, but the defendant neither made any promise, nor incurred any liability to which the undertaking of Clark could be called collateral. *Downey* v. *Hinchman*, 25 Ind. 453; *Pettit* v. *Braden*, 55 Ind. 201; *Anderson* v. *Spence* (this term).

It is true that specific performance of a promise to execute a note and mortgage can not be enforced; but for the breach of such a promise the injured party has his action for damages; or if the property was obtained fraudulently upon a promise to execute such securities, the seller could doubtless disaffirm the contract, and reclaim the property. Story, *supra.*

These remedies were open to the appellees, but against Clark and not against the appellant.

The demurrer should have been overruled.

Judgment reversed with costs.