No. 14,057.

CHEESMAN v. WIGGINS.

STATUTE OF FRAUDS.—*Promissory Note.—Joint Obligors.— Verbal Agreement of Surety to Pay Co-Obligor's Half.*—One of the joint obligors on a promissory note paid the entire note taking security from his co-obligor for his half, the surety verbally agreeing to stand as security for the co-obligor's one-half to the other obligor.

*Held,* that the verbal promise of the surety to indemnify the obligor against loss by his co-obligor's failure to pay his half, amounted to a promise to pay the co-obligor's half, and is within the statute of frauds and unenforceable.

From the Wayne Circuit Court.

*B. F. Mason* and *T. J. Study,* for appellant.

*L. D. Stubbs, H. C. Fox* and *J. F. Robbins,* for appellee.

OLDS, J.—The only question presented in this case is the sufficiency of the complaint.

The complaint alleges that the plaintiff and Andrus S. Wiggins, partners, were indebted to the First National Bank of Centerville, and the Citizens' Bank of Richmond, Indiana, in the sum of $11,000, which indebtedness was secured by notes executed by the plaintiff and said Andrus S. Wiggins, who were principals, and the defendant, Stephen R. Wiggins, as surety; that plaintiff and Andrus S. Wiggins made an agreement by which plaintiff was to borrow money and pay off said indebtedness, and Andrus S. Wiggins was to execute a mortgage to plaintiff on a farm owned by Andrus S., his wife joining, to secure to plaintiff the one-half of said indebtedness; the said farm of Andrus S. having a prior mortgage on the same to the amount of $8,000. The wife of said Andrus refused to join in the mortgage to the plaintiff, and thereupon plaintiff declined to borrow the money and pay said indebtedness; and to induce said plaintiff to borrow the money and pay said indebtedness said defendant

agreed that if the plaintiff would accept the mortgage exe-
cuted by Andrus alone, his wife not joining, he, said de-
fendant, would indemnify, or stand security, for the said
Andrus for the one-half of the amount so to be paid by the
plaintiff, and make good any loss sustained by the plaintiff
by reason of the payment of the one-half of said indebted-
ness in case the plaintiff was unable to make the same out
of said farm, and sustained any loss thereby ; that plaintiff
relied on said promise of the defendant, and executed his
note to one Scott for the sum of $11,000, and the said An-
drus S. Wiggins executed a mortgage to plaintiff on the farm
of said Andrus S., and the plaintiff obtained the money on
the note and paid said indebtedness; that he has paid ten
thousand dollars in interest on said note ; that the $8,000
prior mortgage on the farm of Andrus S. has been foreclosed
and said farm sold, and said Andrus S. is insolvent. Prayer
for judgment against the defendant.

A demurrer for want of facts was sustained to the com-
plaint, and the ruling of the court on the demurrer is assigned
as error.

There is no error in the ruling of the court. The defend-
ant was the security of the plaintiff and Andrus S. Wiggins
for the indebtedness paid off by the money borrowed. The
defendant was liable as security for said indebtedness; if he
had been compelled to pay the whole, or any part of the
same the plaintiff and Andrus S. Wiggins would each have
been liable to him for the amount paid by him. As between
the defendant and the plaintiff the plaintiff was liable for the
full amount of said indebtedness. It is not alleged that the
agreement made by the defendant is in writing, and no copy
of it is set out, and therefore it must be treated as resting
in parol. The gist of the proposition stated in the com-
plaint amounts to this : That the plaintiff paid a debt for
which he and Andrus S. Wiggins were each liable to pay,
taking security from Andrus S. Wiggins for his one-half,

the defendant verbally agreeing to stand as security for Andrus S. Wiggins to plaintiff for Andrus S. Wiggins' one-half. As between the defendant and the plaintiff, the plaintiff did no more than he was liable to do, and bound to do, in the absence of the agreement. He paid the debt which, as between him and the defendant, he was bound to pay.

It does not appear by the complaint but that plaintiff was abundantly responsible for the payment of the indebtedness, or that any change has taken place in the financial condition of Andrus S., or that his farm was worth more than the amount of the prior mortgage, or that any benefit would have been derived from the wife signing the mortgage; indeed, the averments amount to a simple verbal agreement on the part of the defendant to pay or become surety for the payment of the debt of another, and is within the statutes of frauds, section 4904 providing that no action shall be brought to charge any person, upon any special promise, to answer for the debt, default or miscarriage of another, unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, etc. *Wolke* v. *Fleming*, 103 Ind. 105; *Hassinger* v. *Newman*, 83 Ind. 124; *Wills* v. *Ross*, 77 Ind. 1 (4); *Smock* v. *Brush*, 62 Ind. 156.

In Brandt Suretyship, section 45, it is said: "When the promise to indemnify is in fact a promise to pay the debt of another, then clearly such promise is within the statute, and the fact that it is in form a promise to indemnify will make no difference."

In Baylies Sureties and Guarantors, p. 70, it is stated: "Where a person makes a promise to pay the debt of another for the purpose of obtaining the release of the person or property of the debtor, or other forbearance or benefit to him, the promise is within the statute of frauds." Also, " If a person promises to pay the debt of another, if not paid by himself, and the creditor is thereby induced to suffer the

debtor to leave the State, taking his property with him, the case falls within the statute."

The promise of the defendant, as alleged in the complaint, is no more than a promise to pay the debt of Andrus S. Wiggins if not paid by himself, or an agreement of indemnity, by which defendant agreed to indemnify the plaintiff against loss by the failure of Andrus S. Wiggins to pay his half of the partnership debt, by agreeing to pay it if Andrus S. did not.

The demurrer to the complaint was properly sustained.

Judgment affirmed, with costs.

Filed Feb. 28, 1890.