# THE ATTICA BRIDGE AND MACHINE WORKS *v.* JOHNSON ET AL.

### [No. 3,827. Filed June 4, 1902.]

COUNTIES.—*Free Gravel Roads.*—*Bridges.*—*Contractor's Liability.*— *Liens.*—A contractor for the construction of free-gravel roads who sublet the building of bridges is not liable for bridges sold his subcontractor on an independent contract, nor is the seller entitled to a lien on a balance due from the county to the contractor.

From Parke Circuit Court; *A. F. White,* Judge.

Action by the Attica Bridge and Machine Works against John Johnson and others for balance due on purchase price of bridges. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. M. Johns* and *E. Hunt,* for appellant.
*B. Crane, A. B. Anderson, E. F. Marshall, S. D. Puett, J. S. McFaddin* and *H. Maxwell,* for appellees.

COMSTOCK, J.—This was an action commenced by the appellant in the court below to recover from John Johnson, Emmet F. Marshall, and the board of commissioners of Parke county, Indiana, the price of four bridges sold and delivered by the appellant to Emmet F. Marshall, and by

him placed upon two free-gravel roads, the construction of which had been awarded by the commissioners of Parke county to the appellee John Johnson by contract dated June 12, 1899. John Johnson sublet the contract for the construction of the two roads, upon which the bridges were placed, to Emmet F. Marshall, who completed the two roads, and they were accepted and paid for, except the sum of $414.50, which was held back on all the four roads, the construction of which was awarded to Mr. Johnson. The object of this suit is to have the price of the four bridges, purchased by Emmet F. Marshall of the appellant, paid out of the funds, $414.50, due appellee John Johnson upon the construction of the four roads awarded him.

The complaint is in one paragraph. Appellee Johnson filed a demurrer which was overruled and exception taken. He then filed an answer in two paragraphs. First is a general denial; and the second paragraph avers that after the making of the contract between himself and Emmet F. Marshall, and before he had any knowledge or notice of any contract between Emmet F. Marshall and the Attica Bridge Company for the bridges furnished by appellant, they modified their contracts so that the money which said Johnson was to receive and pay out under the contract of June 12, 1899, should be paid to Emmet F. Marshall, and paid out by him. No demurrer was filed to this answer. The appellant filed a reply in general denial. The demurrer of Emmet F. Marshall to the complaint was sustained. The board of commissioners answered by a plea in the nature of an interpleader, and brought the money into court, for whoever the court might adjudge was entitled to receive the same. The money mentioned in this plea was received and held by the clerk to be paid out under the order of the court. There was a trial by the court; a finding for the defendants that the plaintiff was not entitled to recover on its complaint; judgment in favor of

appellees for costs, and that the money in the hands of the clerk be paid to Johnson.

The appellant has assigned as error the overruling of its motion for a new trial. The reasons assigned for a new trial are: (1) The finding of the court is not sustained by sufficient evidence; and (2) the finding of the court is contrary to law. The appellee John Johnson has assigned cross-error as follows: The court erred in overruling the separate demurrer of John Johnson to the complaint.

A bond was given by John Johnson to the board of commissioners conditioned for the payment of the work, labor, and materials used in the construction of the four roads awarded to him. This action is not upon the bond. The bond is not set forth in the complaint in any way or made an exhibit thereof. It is alleged in the complaint that John Johnson was awarded the contract for the four roads; that he executed a bond, and that he afterwards sublet the construction of two of these roads to Emmet F. Marshall; that the contract was in writing and that a copy is made a part of the complaint marked exhibit C; that after the execution of this contract John Johnson and Emmet F. Marshall, on the 15th day of June, 1899, entered into a further contract, denominated a supplemental contract. Both of these contracts are set forth in the complaint from which it appears that John Johnson subcontracted the construction of two of these four roads to Emmet F. Marshall. The bridges furnished by the appellant to Marshall were sold and delivered by the appellant to Marshall, and were by him placed upon two roads he had agreed under his contract with John Johnson to construct, and which he did construct under the agreement.

The plaintiff's complaint is based upon the theory that John Johnson is liable to the appellant for the value of the bridges furnished by the appellant under an independent contract with Emmet F. Marshall, who was, according to the terms of the complaint, a subcontractor of John John-

son, and that, by reason of the fact that the appellants furnished these bridges to Emmet F. Marshall, they have a lien upon the $414.50, the balance due John Johnson under his contract for the construction of the four roads, not only for the two bridges subcontracted to Emmet F. Marshall, but on the two roads constructed by John Johnson alone. This is the controlling question presented by the pleading and the evidence.

Appellant having sold and delivered the bridges to an independent contractor who had failed to pay therefor, claims a lien upon the balance of a fund due appellee Johnson for the construction of four bridges; $32 being the balance due Marshall on the two roads constructed by him. The contract for the construction of each road was separate. It is clear that appellant can have no claim against the county. There is no personal liability on the part of Johnson. There is no statutory lien upon the fund. The right to a lien does not arise out of a contract. The fund against which appellant seeks to enforce a lien is created by statute to pay for the construction of gravel roads and the cost of the proceedings. §6928 Burns Supp. 1897.

It follows that the judgment must be affirmed. Counsel for appellees contend that the record presents no question for the consideration of this court. While not concurring in this, the conclusion reached renders it unnecessary further to refer to it, or to consider the cross-errors assigned by appellee Johnson.