## MILLER ET AL. *v.* STATE, EX REL. PRATHER ET AL.

[No. 5,188.    Filed May 9, 1905.]

1.  PRINCIPAL AND AGENT.—*Independent Contractor.*—A contractor for certain public work, who sublets his contract with an agreement that his subcontractor shall pay all debts contracted in the construction of the work and that the contractor shall collect the pay and retain enough to pay such debts in case such subcontractor fails or refuses to pay same, does not thereby constitute such subcontractor his agent for the performance of such work, and the debts contracted in such work are those of the subcontractor.   p. 381.

2.  CONTRACTS.—*Public Work.—Gravel Roads.—Contractor's Bond.— Liability.*—No action can be maintained on a bond, given by a contractor for the construction of a gravel road, which provided that such contractor should pay for all labor, material and board of laborers, where such contractor sublet such contract and the debts sued for were contracted by such subcontractor.   p. 382.

3.  FRAUDS, STATUTE OF.—*Debts of Another.—Oral Promise to Pay.*— No action can be maintained on an oral promise to pay the debts of another, the same being within the statute of frauds.   p. 383.

4.  SAME. — *Debts of Another. — What Are.* — When credit has been given, not to the defendant, but to another, and such other person is liable to plaintiff, the undertaking of the defendant is not original, and to recover thereon it must be in writing.   p. 383.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by the State of Indiana, on the relation of William B. Prather and others, against Edmund J. Miller and others. From a judgment for relators, defendants appeal. *Reversed.*

*W. S. Christian, Walker & Foster* and *O. H. Montgomery,* for appellants.

*Kittinger & Diven* and *Bagot & Bagot,* for appellee.

BLACK, J.—This was an action upon a bond executed by Miller & Rapp, two of the appellants, as principals, and by the other appellants as their sureties. It appears from the complaint that under proceedings before the board of commissioners of Madison county, commenced in 1900, a contract was let January 9, 1901, for the construction of Stony Creek gravel road, in that county, to Miller & Rapp, who filed with their bid for such work the bond in suit, which was accepted and approved by the board of commissioners, and which was conditioned, in part, that the contractors should "promptly pay all debts incurred by them in the prosecution of said work, including labor, materials furnished, and for boarding the laborers thereon."

It was alleged in the complaint that the principals in the bond entered upon the construction and improvement of the highway, and various claims were stated on behalf of the relators severally; a number of claims being for gravel furnished and sold for such construction and improvement, and which went into and was used therein, the value thereof being stated, in an amount which was due and remained wholly unpaid. Some of the claims were for work and labor for said contractors in building the road. One claim was for blacksmithing for said contractors in shoeing horses that worked on the road; another claim was for furnishing the contractors coal used in the work upon the highway; another was for furnishing an engine for the contractors, and doing work with the engine; another was for furnish-

ing the contractors upon the highway a pump for pumping
gravel from a gravel pit; another was for the price of nails
and hardware sold the contractors, to be used in the con-
struction of the highway. There was also a claim for gro-
ceries, food and necessaries furnished by one of the relators
for the men who worked upon the improvement of the high-
way. It was alleged that said contractors had ceased work
on the highway, and claimed and reported that it was
finished; that they had been paid almost the entire con-
sideration of their bid for the work, but refused and neg-
lected to pay the relators.

There was an answer in denial, with a second paragraph
in which it was alleged that, before the performance of any
of the labor or the furnishing of any of the material by the
relators, the contractors, Miller & Rapp, duly contracted
and sublet the construction and improvement of the high-
way to one Samuel Sullivan, and entered into a contract in
writing with him for the construction and improvement
of the highway, etc., and that afterward Sullivan, in pursu-
ance of his said contract, entered upon the construction of
the highway, and constructed it; and that all the items and
charges in the complaint mentioned were debts incurred by
Sullivan, as such subcontractor, after the making of the
subcontract. There was a reply in denial. Upon the trial
the court found in favor of the several relators in various
amounts, for which judgment was rendered against the
appellants, whose motion for a new trial was overruled.

1. The contract of Miller & Rapp with Sullivan, dated
February 26, 1901, contained provisions that Miller &
Rapp on that date "sublet and contract the building and
construction of" the free gravel road in question; that Sul-
livan was to build and construct the road according to the
plans, specifications and contract then on file in the office
of the auditor of Madison county, and within the time
specified in that contract. Sullivan agreed to execute a
bond in a specified sum to Miller & Rapp, for the building

and construction of the road, as per contract, and for the payment of all debts contracted by Sullivan and his assigns in building and constructing the road, including work and labor, material, board, "and the like." It was also agreed that Miller & Rapp were to receive all estimates made on the road from time to time, and were to collect and pay over to Sullivan all money due on such estimates without delay, "provided that there is no refusal or neglect to pay any and all outstanding debts that have been incurred in the construction of said road by said Sullivan or his assigns, including work, labor, board of laborers, material furnished and the like;" that, if Sullivan should refuse or neglect to pay said debts, Miller & Rapp were to use such estimates in the payment thereof until the debts should be satisfied, and then to pay over to Sullivan any balance due him on such estimates.

It appears that after Sullivan had proceeded under his contract, and had in large part performed it, he abandoned the work and absconded to parts unknown. The claims upon which the relators recovered judgment were for materials and supplies furnished to Sullivan, and labor performed for him. The credit therefor was given to Sullivan by the relators respectively. The debts created by the furnishing of the supplies and the performance of the labor were the debts of Sullivan, and not of the original contractors. Under the contract of Sullivan with the original contractors he can not be regarded as thereby constituted their agent with authority to bind the original contractors for the payment of such claims, as seems to be supposed by counsel for the appellee; and the evidence does not show that the relators furnished supplies and performed labor for the original contractors through Sullivan acting or claiming to act as an agent.

2. If there can be any recovery in this action upon the claims of the relators, it must be had upon the bond of the appellants on which the action is founded; and to authorize

such recovery the claims must be such as are contemplated in that obligation; that is, debts incurred by the principal obligors in the prosecution of the work, including labor, materials furnished and boarding the laborers on the work. It was within the authority of the county commissioners to accept such a bond, and we are not advised of any reason why the obligation should be regarded as extending further than its own terms, which do not include any debts except such as should be incurred by the principal obligors themselves. See *Faurote* v. *State, ex rel.* (1887), 110 Ind. 463; *Faurote* v. *State, ex rel.* (1887), 111 Ind. 73; *Swindle* v. *State, ex rel.* (1896), 15 Ind. App. 415; *Attica, etc., Works* v. *Johnson* (1902), 29 Ind. App. 257; *Hines* v. *Consolidated Coal, etc., Co.* (1902), 29 Ind. App. 563.

3. One of the original contractors introduced the subcontractor to a number of the relators separately, and had conversation with them concerning the subcontractor. While it might be concluded that these relators were influenced in their conduct by what was thus told them, yet it is manifest from the whole evidence that the subcontractor was their debtor, and was so regarded and treated. There does not appear to have been any resorting to the original contractors, or either of them, for payment, until after Sullivan had absconded, when a number of the relators severally called upon one or the other of the original contractors, and consulted concerning the claims held by them against Sullivan. Of course, no action could be based upon verbal promises to answer for the debt, default or miscarriage of Sullivan, or upon verbal representations concerning his character, conduct, credit, ability, trade or dealings. The action upon the bond proceeds upon the theory that the debts due to the relators were debts, not of Sullivan, but of the original contractors.

4. When the credit has been given by the plaintiff, not to the defendant, but to a third person as the purchaser of goods, or the person for whom work is done, the under-

taking, if any, of the defendant is not an original undertaking. If the third person is liable to the plaintiff, this alone deprives the defendant's undertaking of the character of an original contract. "If any credit at all be given to the third party, the defendant's promise is required to be in writing as collateral. * * * All the cases show that it does not matter upon which of the two parties the plaintiff principally depends for payment, so long as the third party is at all liable to him to do the same thing, which the defendant has engaged to do." Browne, Stat. of Frauds (5th ed.), §197, quoted in *Wills* v. *Ross* (1881), 77 Ind. 1, 4, 40 Am. Rep. 271. See, also, *Downey* v. *Hinchman* (1865), 25 Ind. 453; *Ellison* v. *Wisehart* (1867), 29 Ind. 32; *Crosby* v. *Jeroloman* (1871), 37 Ind. 264; *Nading* v. *McGregor* (1890), 121 Ind. 465, 6 L. R. A. 686; *Wright* v. *Griffith* (1890), 121 Ind. 478, 6 L. R. A. 639; *Cheesman* v. *Wiggins* (1890), 122 Ind. 352; *Furst & Bradley Mfg. Co.* v. *Black* (1887), 111 Ind. 308; *Board, etc.* v. *Cincinnati Steam Heating Co.* (1891), 128 Ind. 240, 12 L. R. A. 502; *Johnson* v. *Hoover* (1880), 72 Ind. 395; *Lane* v. *Mayer* (1896), 15 Ind. App. 382; *Newcomb Bros., etc., Co.* v. *Emerson* (1897), 17 Ind. App. 482; *Hyatt* v. *Bonham* (1898), 19 Ind. App. 256.

Judgment reversed, and cause remanded for a new trial.