BOJARSKI *v.* BALLARD.

[No. 16,974. Filed October 20, 1942. Rehearing denied December 2, 1942. Transfer denied February 10, 1943.]

*George A. Bosomburg,* of Chicago, Illinois, and *Orville W. Nichols,* of Knox, for appellant.

*Frank A. Rogers,* of Michigan City, for appellee.

BLESSING, J.—On the 18th day of May, 1931, the appellee (plaintiff below) entered into a written lease with appellant by which certain premises were demised to appellant for a term beginning on the 18th day of May, 1931, and ending on the 31st day of December, 1935, for which premises said appellant agreed to pay as rent "the sum of seven thousand dollars, one thousand for the first year's rental, and fifteen hundred dollars for each year thereafter, the said rent to be paid on the first day of each year." The appellant paid $500 at the time of the execution of said lease, but he had made no other payments prior to the commencement of this suit.

On the 10th day of February, 1932, the appellee filed a complaint in one paragraph seeking judgment in the sum of $2,000, that is, for $500, which was the balance due on the first period, and $1,500 for the second year's rent. Judgment by default was entered in favor of the appellee in the sum of $2,000 for rent plus attorney fees,

Appellant thereafter filed a petition to modify and correct the judgment. The court overruled said petition and entered a judgment against the defendant for costs.

Appellant assigns as error the overruling of his petition to modify the judgment, the refusal of the court to correct the judgment and reduce the same, and the action of the court in entering judgment for costs against the appellant. Appellant concedes in his brief that the only issue presented by his motion to modify the judgment is whether the inclusion in the judgment of $1,500 for the second year's rent is an error appearing on the face of the record, appellant taking the view that on February 10, 1932, when the complaint was filed, the second lease year had not started and no rent for that year was due.

Appellant contends that the clause in the lease which provided that appellant pay as rent for said premises the sum of seven thousand dollars, "one thousand for the first year's rental" should be interpreted to mean that one thousand dollars paid the rent from May 18, 1931, to May 18, 1932. He also contends that the clause which provides that appellant pay as rent the sum of fifteen hundred dollars for each year thereafter, "the said rent to be paid on the first day of each year" should be construed to mean that the rent was due on the 18th day of May of each year, that is, the words, "the first day of each year" referred to the first day of each lease year.

When it is necessary to construe a contract, the construction to be adopted is the one which appears to be in accord with justice and common sense and the ■■ probable intention of the parties in the light of honesty and fair dealing and to accomplish the end and serve the purpose intended by the parties. *The*

*Illinois Pipe Line Co.* v. *Brosius* (1939), 106 Ind. App. 390, 20 N. E. (2d) 195. Another rule of construction is that the intention of the parties to a contract must be determined by viewing the instrument as a whole, and not from detached provisions thereof. *Sindlinger* v. *Depart. of Financial Institutions* (1936), 210 Ind. 83, 199 N. E. 715.

Upon examining the contract we find that the sum of $7,000 was to be paid as rent for the term of the lease, which was approximately 4 years and 7½ months. If, as appellant contends, the sum of $1,000 paid the rent from May 18, 1931, to May 18, 1932, and the sum of $1,500 was to be paid on May 18th of the years 1932, 1933, 1934 and 1935, then appellant was paying $1,500 as rent for the period beginning May 18, 1935, and ending December 31, 1935. However, if the first payment of $1,000 was to pay the rent from May 18, 1931, to December 31, 1931, and $1,500 was to be paid on January 1st of the years 1932, 1933, 1934 and 1935, then approximately the same amount was being paid as rent for each month of the term of the lease. The period beginning May 18, 1931, and ending December 31, 1931, constituted approximately two-thirds of a calendar year.

A further rule in construing contracts is that words must be given their ordinary meaning, unless a contrary purpose is shown. *Modern Woodmen, etc.* v. *Miles* (1912), 178 Ind. 105, 97 N. E. 1009.

When we speak of the first day of the year, we usually refer to the first day of January. The lease in question contains no language which indicates that the words, "the first day of each year" refer to a day other than January 1st.

We are of the opinion that the intention of the parties was to have $1,000 paid as the rent for the period be-

ginning May 18, 1931, and ending December 31, 1931, and that they further intended that the sum of $1,500 should be paid on the first day of January of each of the years of 1932, 1933, 1934 and 1935. In view of this conclusion, the court did not err in overruling the petition to modify the judgment.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 200.