92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elijah GRANT, Plaintiff-Appellant,
v.
Governor James R. EDGAR, Thomas P. Roth, David Pfoltner,
Allen Renkosik, Terry Tovrea, Robert J. Acosta,
Clark A. Wade, and Howard A. Peters,
III, Defendants-Appellees.
 No. 94-3109.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided July 23, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This is Elijah Grant's second lawsuit alleging that employees of the Sheridan Correctional Center in Sheridan, Illinois discriminated against him on the basis of race. Grant worked as a counselor at the prison. The first suit claimed that Grant was given the worst caseload of any counselor, was excluded from certain assignments, and was subjected to numerous disciplinary proceedings solely because he was black in violation of the Fourteenth Amendment's Equal Protection clause. The suit was dismissed on the merits and we affirmed. Grant v. Pfoltner, No. 94-1019 (7th Cir. Jan. 11, 1996) (unpublished order). In this action, Grant again alleges a violation of the Fourteenth Amendment as well as a Title VII claim because the defendants have continued their discriminatory behavior and have purportedly retaliated against him for filing numerous complaints with state and federal agencies. The district court granted the defendants' motion to dismiss on the basis of res judicata. We hold that res judicata bars only a portion of Grant's second action.
 
 
 2
 To maintain a claim under Title VII, the plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC"), obtain a right-to-sue letter, and then file a complaint in federal court within ninety days of receipt of the letter. 42 U.S.C. § 2000e-5(e), (f). These administrative requirements are "conditions precedent," similar to statutes of limitations, which are subject to equitable modification. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132 (1982); Perkins v. Silverstein, 939 F.2d 463, 469-70 (7th Cir.1991) (collecting cases).
 
 
 3
 Grant failed to allege in his complaint that he received a right-to-sue letter or that he filed the federal action within the required 90 days. Grant filed a charge with the EEOC alleging that the Illinois Department of Corrections retaliated against him for filing discrimination charges in 1991. The charge is stamped "Received Oct 27 1993." This action was filed on December 10, 1993. Only after the district court dismissed the case did Grant submit a right-to-sue letter. The letter, dated August 2, 1994, was received and filed by the district court on August 8, 1994. R. 45. Even assuming that the letter relates to the retaliation claim, Grant's attempt to cure the defect in his complaint was untimely. The Title VII claim was subject to dismissal prior to Grant's receipt of a right-to-sue letter. The receipt of the letter after the complaint had been filed but before it had been dismissed could have effectively cured the deficiency in the original complaint. Perkins, 939 F.2d at 471. However, Grant's request to file the letter came too late because the district court had dismissed the case the prior month. Accordingly, the Title VII claim was properly dismissed.
 
 
 4
 We now turn to Grant's Fourteenth Amendment claim which the district court dismissed in its entirety upon the basis of res judicata. Under the federal rules of claim preclusion, a subsequent suit is barred when there is a final judgment on the merits in the first suit as well as identity of the parties or their privies and identity of causes of action. Conner v. Reinhard, 847 F.2d 384, 394 (7th Cir.), cert. denied, 488 U.S. 856 (1988). The bar extends to all issues that were raised or could have been raised in the prior action. Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1364 (7th Cir.), cert. denied, 488 U.S. 856 (1988). We agree with the district court's decision only with respect Grant's claims of unequal treatment in case assignments and in disciplinary proceedings occurring prior to the filing of his first lawsuit. In that suit, filed on June 15, 1993, the district court granted the defendants' motion for summary judgment, finding no evidence that Grant had been treated differently from other counselors in the assignment of caseloads and in disciplinary proceedings. Grant v. Pfoltner, No. 93 C 3579 (N.D.Ill. Dec. 16, 1993), aff'd, No. 94-1019 (7th Cir. Jan. 11, 1996) (unpublished order). Thus, Grant's identical claim in this suit is barred.
 
 
 5
 In the prior action, Grant also vaguely referred to numerous disciplinary proceedings during which his constitutional rights were violated. He specifically directed the court's attention to an incident occurring on February 10, 1993 for which Grant was charged with conduct unbecoming an officer because he failed to cooperate and assist security officers in conducting an inmate count during one of his classes. In this case, Grant focuses on another incident involving a breach of security which occurred on June 30, 1993, fifteen days after the filing of the first suit, No. 93 C 3579. Grant allegedly failed to follow prison procedures when he moved an inmate to a different cell because of threats to the inmate's physical safety. He was found in violation of the procedure for the June 30 incident on September 29, 1993 and given a three day suspension. Although Grant alleges a pattern of ongoing discrimination in his complaint, we find that this claim is sufficiently different to present a separate claim.
 
 
 6
 The charges in this action are based on a different set of historical facts wholly unrelated to those which were before the district court in the first suit. Grant could not have filed an amended complaint in the prior action without permission from the court because the defendants had already answered the complaint by the end of September. Fed.R.Civ.P. 15(a). Moreover, defendants Renkosik, Tovrea, Wade, and Peters were not named in the first suit and therefore are not in privity with any of the defendants in that action. Thus, claim preclusion may not be used to bar Grant's claim of discrimination with respect to disciplinary proceedings held after the filing of the first suit which are based on a different set of facts.
 
 
 7
 Based on the foregoing, we affirm the dismissal of the Title VII claim and the dismissal of the equal protection claim as it relates to the case assignment issue. We reverse the dismissal of the Fourteenth Amendment claim with respect to the allegedly discriminatory disciplinary actions taken against Grant occurring after the filing of the first suit and REMAND for further proceedings.
 
 
 8
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record