· Vincent **RIZZI**, Plaintiff,

v.

**CALUMET CITY, a municipal corporation, et al.,** Defendant.

No. 97 C 7311.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 12, 1999.

Donna Ann Hickstein–Foley, Michael J. Foley, Foley and Foley, Chicago, IL, for plaintiff.

D. Timothy McVey, Purcell & Wardrope, Chtd., Chicago, IL, John J. Jawor, The Jawor Law Firm, Woodridge, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Calumet City and Jerry Genova's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, the court denies defendants' motion for judgment on the pleadings.

## I. BACKGROUND

The complaint alleges the following facts which, for the purposes of ruling on this motion are taken as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). On June 14, 1996, defendant Calumet City ("the City") hired plaintiff Vincent Rizzi ("Rizzi") as a probationary police officer. Pursuant to the City's policies, Rizzi established a residence within the City. However, Rizzi's wife and children did not move with Rizzi to the City; they remained at their previous residence outside of the City.

On June 14, 1997, the City and Jerry Genova ("Genova"), the mayor of the City, extended Rizzi's probationary period by an additional ninety days, during which time Genova required Rizzi (1) to purchase a residence within the City, (2) to move his wife and children to the residence, and (3) to enroll his children in the City's schools. Rizzi, however, was unable to purchase a residence within the ninety-day period. Thus, on September 12, 1997, the City moved to terminate Rizzi's employment without first providing him with any notice or a hearing.

Promptly after the termination, Rizzi filed a written request for a hearing before the defendant the Calumet City Police and Fire Commission ("the Commission"). On September 26, 1997, the Commission notified Rizzi that it would not conduct a hearing.

On October 20, 1997, Rizzi filed a three-count complaint against the City and Genova pursuant to 28 U.S.C. § 1983. On July 21, 1998, this court dismissed Count III of Rizzi's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and gave Rizzi leave to file an amended complaint. On August 4, 1998, Rizzi filed his first amended complaint. On September 30, 1998, Rizzi filed his second amended complaint.

The second amended complaint is a two-count complaint against the City, Genova, and the Commission pursuant to 28 U.S.C. § 1983. In Count I, Rizzi alleges that the defendants violated (1) the Illinois Public Labor Relations Act, 5 Ill.Comp.Stat. 315/10, by unilaterally changing the terms and conditions of Rizzi's employment and (2) the First, Fourth, Ninth, and Fourteenth Amendments by infringing Rizzi's rights to vote, to freedom of religion, to travel, to free association, and to privacy. Count II alleges that the defendants violated the Due Process Clause of the Constitution by not giving Rizzi notice or a hearing before terminating his employment. This court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and over the state claim pursuant to 28 U.S.C. § 1367.

## II. DISCUSSION

### A. Basis of and standard for deciding defendants' motion

■ Defendants styled their motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). However, the pleadings in this case are not closed because the defendants have not yet

filed their answer. Thus, the court denies defendants' Rule 12(c) motion because the defendants are not entitled to file such a motion at this stage of the litigation.

This court, however, will treat defendants' motion as one to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Walker v. Carnival Cruise Lines, Inc.,* 681 F.Supp. 470, 472 (N.D.Ill.1987) (finding a Rule 12(c) motion inappropriate for preliminary matters and that it is ordinarily used for judgments on the merits of a complaint); *Moxley v. Vernot,* 555 F.Supp. 554, 556 (S.D.Ohio 1982) (finding that a challenge to the legal basis of the complaint is more appropriately viewed as a motion to dismiss for failure to state a claim upon which relief can be granted rather than a motion for judgment on the pleadings). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting· all material elements of the claim asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

### B. *The City and Genova's allegation that the exhibits negate the complaint*

The City and Genova allege that Rizzi's complaint should be dismissed because the exhibits which Rizzi attached to his complaint negate the allegations in the complaint. In this case, Rizzi has attached as exhibits a letter of his resignation written by Assistant Chief Urbanek and a letter of acceptance of Rizzi's resignation written by Chief of Police, George Vallis ("Vallis"). Vallis's letter also states that Rizzi was a probationary police officer. The City and Genova cite these letters in support of their argument that the attached exhibits contradict Rizzi's complaint because Rizzi's complaint explicitly states that the City terminated Rizzi's employment and that Rizzi was no longer a probationary police officer.

"It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 454 (7th Cir.1998). When comparing the statements in the attached exhibits to the complaint, the court should also consider the type of document which the exhibit is and the purpose for which the document is offered. *Id.* at 456. For example, it is necessary to consider why a plaintiff attached the document, who wrote the document, and how reliable is the document because "to accept unilateral statements in documents written by a defendant as true simply because they were attached as exhibits to a plaintiff's complaint ... would be contrary to the concept of notice pleading." *Id.* at 455–56.

Having thoroughly reviewed the exhibits, the court finds that these letters alone are not enough to refute Rizzi's allegations. Although these letters contain statements which directly conflict with the complaint, the court does not find that these letters trump the complaint. It is too early in the proceedings for the court to define the proper weight and nature of these letters. *See id.* at 456. (finding that statements in letters written by a defendant which were not of themselves the basis for the claim, and contained self-serving statements should not be presumptively taken as true). Both of these letters were written by employees of the City. Furthermore, the first of these letters may be a

standard form letter which Rizzi was obligated to sign as a prerequisite to his hiring. Given these circumstances, the court does not find that these two letters undermine the allegations in the complaint and, thus, the complaint does state a claim.

### CONCLUSION

For the foregoing reasons, the court denies the City and Genova's motion to dismiss pursuant to Federal Rule of Civil Procedure 12.