**Danny BRASSFIELD, Plaintiff,**

v.

**COUNTY OF COOK, et al., Defendants.**

**No. 88 C 10740.**

United States District Court,
N.D. Illinois, E.D.

Dec. 28, 1988.

an unnamed "John Doe" supervisor of guards-correctional personnel at the County Jail ("Jail") and (5) guard-correctional officer William Tonkelvich ("Tonkelvich"). All of Brassfield's claims stem from defendants' alleged failure to provide him with prompt and effective medical care after he suffered a severe beating at the hands of fellow inmates at the Jail. Based on this Court's initial review of Brassfield's complaint,[1] Brassfield's counsel are ordered on or before January 9, 1989 to amend the Complaint in the respects identified in this sua sponte opinion.

Only Tonkelvich is named in Complaint Count I, because only Tonkelvich is charged with inattention to Brassfield's directly-communicated complaints about his condition. All the other defendants are named in Count II, where allegations of "callousness and deliberate indifference" are attributed to their failure to train and supervise Jail personnel under defendants' supervision and control. It is to Count II that this memorandum opinion is directed.

■ First of all, County is simply a wrongly-named defendant. Under the relevant governmental structure, responsibility for the Jail is vested not in County but in the Sheriff of Cook County under Ill.Rev. Stat. ch. 125, ¶ 14 (the Sheriff is an independent office created by Ill. Const. art. 7, § 4(c)). And the potential respondeat superior liability on County's part (*Holda v. Kane County*, 88 Ill.App.3d 522, 43 Ill.Dec. 552, 410 N.E.2d 552 (2d Dist.1980)) does not of course extend to Section 1983 actions.

■ But even apart from that mistake, the Sheriff as well as Hardiman, Monahan and "John Doe" cannot be retained in this action based on the kinds of allegations made by Brassfield's counsel (see this Court's opinion in *Estate of Eklund v. Hardiman*, 580 F.Supp. 410, 412–14 (N.D. Ill.1984) and the stringent pleading standard established by our Court of Appeals in *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985)). It may be that further

Dennis Thuftedal, Nagel & Gyarmathy, Ltd., South Holland, Ill., for plaintiff.

## MEMORANDUM ORDER

SHADUR, District Judge.

Danny Brassfield ("Brassfield") has filed a 42 U.S.C. § 1983 ("Section 1983") action against (1) the County of Cook ("County"), (2) former County Department of Corrections Executive Director Phillip Hardiman ("Hardiman"), (3) his immediate subordinate Thomas Monahan ("Monahan"), (4)

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

light will soon be shed by the Supreme Court on the failure to train or supervise issue (a case presenting one facet of that question, *City of Canton, Ohio v. Harris,* No. 86–1088, was argued before the Court November 8, 1988), but in the meantime Brassfield's Count II is plainly insufficient.

Accordingly, Count II is stricken sua sponte. Brassfield's counsel are directed to communicate that information to the appropriate person in the Cook County State's Attorney's office, to avoid defendants' need to plead to the stricken claim. This order is of course without prejudice to the reassertion of that claim in proper form, in which event its relation back will be controlled by the provisions of Fed.R. Civ.P. 15(c).