Catherine HAVEY, as Special Administrator of the Estate of Anthony M. Bee, Deceased, and Katherine Havey, individually, Plaintiffs,

v.

COUNTY OF DUPAGE, municipal corporation, doing business as Dupage County Corrections Department, Officer Malinowski, individually, and in his official capacity, and Officer Reed, individually, and in his official capacity, Defendants.

No. 92 C 8171.

United States District Court, N.D. Illinois, E.D.

April 12, 1993.

**360**

Michael Vincent Connolly, Chicago, IL, for plaintiffs.

Thomas F. Downing, DuPage County States Attys. Office, Wheaton, IL, for defendants.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is defendants' motion to dismiss. For the following reasons, the motion is granted in part and denied in part.

### DISCUSSION

Plaintiff[1] Catherine Havey ("Havey"), as Special Administrator of the Estate of Anthony M. Bee, has filed the instant suit pursuant to 42 U.S.C. § 1983 against defendants County of DuPage ("DuPage") and correctional officers Malinowski ("Malinowski") and Reed ("Reed"), in both their individual and official capacities. Havey bases her claim on the death of Anthony Bee ("Bee"), who committed suicide by strangulation while in custody at the DuPage County Corrections Department.

According to the complaint, Bee was taken into custody as a pretrial detainee on August 25, 1991. From that day until his death, Bee allegedly wrote suicide letters to his mother, which according to Havey, were read by jail personnel. Shortly after his detainment, during a routine shakedown, a broken electrical face-plate was recovered from Bee's Bible. A disciplinary hearing was conducted on September 10, 1991, at which time the hearing officers reported: "Inmate stated that he was planing [sic] to hurt himself while he was in 2–E. After talking to his mother he later had no plans to hurt himself. He also stated that he forgot the items were in his Bible."

Although neither of the individual defendants were witnesses to the finding of the broken face-plate or participants in the disciplinary hearing, Havey alleges that the each of the defendants knew, had been informed of, or should have known of Bee's violent and suicidal tendencies. Based upon the suicide

---

1. Although the caption of the complaint includes a plaintiff "Katherine Havey, individually," the complaint is silent as to the claims of that person.

letters, the face-plate incident, and the subsequent disciplinary hearing, Havey claims that the defendants assumed a special duty of care towards Bee because of their knowledge of his suicidal tendencies.

According to Havey, the DuPage County Correctional Center had continuous surveillance facilities, and DuPage had operating and training manuals which required continuous surveillance of inmates who are known suicide risks. Havey further alleges that the official policies, directives, manuals, and procedures of DuPage required humane treatment, medical and psychiatric care, removal of dangerous items, adequate supervision, constant surveillance of potentially suicidal prisoners, reporting of unusual circumstances, and compliance with Illinois' "Municipal Jail & Lock–Up Standards." These requirements, according to the complaint, were not provided to Bee because of the defendants' reckless disregard of Bee's care and treatment, and the defendants willfully and wantonly failed to provide the services required by the official policies, directives, manuals and procedures of DuPage.

■ On a motion to dismiss, all well-pleaded factual allegations are presumed to be true. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). The court must view those allegations in the light most favorable to the plaintiff, *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987), and all reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). Additionally, the court must construe the pleadings liberally, and mere vagueness or lack of detail alone will not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). Furthermore, the complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss, *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992); however, the complaint will be dismissed if the plaintiff cannot prove a set of facts upon which legal relief can be granted.

*Ross v. Creighton Univ.,* 957 F.2d 410, 413 (7th Cir.1992).

■ Havey has attempted to state a claim against DuPage under 42 U.S.C. § 1983. To state a § 1983 claim against DuPage, Havey must allege a link between the lack of care provided to Bee and some official policy, ordinance, or custom. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–93, 98 S.Ct. 2018, 2035–37, 56 L.Ed.2d 611 (1978). The Supreme Court has recently addressed the pleading requirements for plaintiffs suing municipalities for civil rights violations. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In *Leatherman,* the Supreme Court held that a complaint raising a civil rights claim against a municipality does not require pleadings more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a). *Leatherman,* —— U.S. at ——, 113 S.Ct. at 1163. In reaching its decision, the Supreme Court found that the "heightened pleading standard" required by some circuits was "impossible to square" with the liberal system of notice pleading provided by the Federal Rules. *Id.* The Supreme Court noted further that, although Rule 9(b) addresses the need for greater particularity in pleading certain actions, such actions do not include complaints alleging municipal liability under § 1983. *"Expressio unius est exclusio alterius." Id.* Accordingly, in light of the *Leatherman* decision, Havey has given DuPage fair notice of what her claim is and the grounds upon which it rests. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Although Havey has asserted an adequate claim against DuPage, certain portions of her complaint must be stricken. Havey does not allege that any of the official policies, directives, manuals or procedures of DuPage are offensive to the Constitution; the complaint merely states that Bee's constitutional deprivation and injury occurred when the policies, directives, manuals or procedures were not followed. To the extent Havey claims these official commands were not followed by the agents and employees of

the defendants, she has asserted a *respondeat superior* theory of liability, which is insufficient to support a § 1983 civil rights claim. *Monell,* 436 U.S. at 692, 98 S.Ct. at 2036 (the language of § 1983 cannot be read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship). Accordingly, reference to such agents and employees of DuPage are stricken from the complaint.[2]

■ Paragraph 15 of Havey's complaint suggests that DuPage failed to follow the requirements of one or more of its own policies. In light of *Leatherman,* this claim, although vague, is sufficient to survive defendants' motion to dismiss. Without knowledge of the precise policies that Havey claims were ignored by DuPage, the court does not have a sufficient basis to dispose of the allegations against the county. The court, however, admonishes Havey that reliance on Illinois "Municipal Jail & Lock–Up Standards" may be misplaced. The Illinois Bureau of Detention Facilities and Jail Standards of the Illinois Department of Corrections promulgated certain municipal jail and lock-up standards in January, 1971. Although entitled "Standards," a county's failure to comply with these self-imposed regulations does not necessarily impose upon such county a legal duty to prisoners, nor does the failure to comply with such regulations make a case of prima facie liability to a prisoner or his estate. *Dezort v. Village of Hinsdale,* 35 Ill. App.3d 703, 342 N.E.2d 468 (1976). Havey is also reminded that under Illinois law, counties do not have authority to set policies, practices, or customs for their sheriff's departments, nor do they have authority to hire, train, supervise, control, or discipline sheriff's department employees or jailers. *Thompson v. Duke,* 882 F.2d 1180 (7th Cir. 1989); *Brassfield v. County of Cook,* 701 F.Supp. 679 (N.D.Ill.1988).

■ With regard to the individual defendants, all parties agree that Havey must allege deliberate indifference on the part of these individuals to plead a claim of mistreatment of a pretrial detainee. *See Salazar v. City of Chicago,* 940 F.2d 233, 238–41 (7th Cir.1991); *Bragado v. City of Zion/Police Dept.,* 788 F.Supp. 366, 371 (N.D.Ill.1992). The defendants, however, dispute whether Havey adequately plead deliberate indifference in this case. Havey alleges that the individual defendants recklessly disregarded the care and treatment of Bee and that they acted with utter disregard for his care and safety. Havey also specifically alleges that the defendants' actions and inactions constituted a deliberate indifference to Bee's medical needs. Because the court must construe the pleadings liberally, the complaint's lack of detail as the defendants' deliberate indifference to Bee will not constitute sufficient grounds to dismiss a complaint. *See Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). Furthermore, the court is not convinced that Havey cannot prove the facts upon which legal relief is to be granted. *See Ross,* 957 F.2d at 413. Therefore, defendants' motion to dismiss the allegations directed toward officers Malinowski and Reed, in their individual capacity, is denied.

In a similar vein, defendants seek to dismiss Havey's two state law claims. Count I of the complaint is brought under the Wrongful Death Act, 740 ILCS 180/1, *et seq.;* Count II is brought pursuant to the Illinois Survival Act, 755 ILCS 5/17–6, *et seq.* With regard to both state law claims, the defendants state that Havey has failed to demonstrate the willful and wanton conduct necessary under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/4–105, to impose liability on governmental employees. However, construing the facts as alleged in a light most favorable to Havey, the court finds that she has adequately alleged willful and wanton behavior on the part of the defendants.

---

2. Paragraph 15 of the complaint states: "[t]hat the defendants, DuPage, Malinowski and Reed, and each of them, by and through their agents and employees, recklessly disregarded the care and treatment of Bee...." Individual defendants are not liable under § 1983 unless they caused or personally participated in the alleged wrongdoing, and there must be a showing of direct responsibility for the improper action before liability can be imposed upon a supervisory official. *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983)′. Thus, the references to the agents and employees of Malinowski and Reed are also stricken.

Finally, the defendants attack Havey's claim under the Wrongful Death Act, asserting the complaint's lack of a claim on behalf of Bee's next of kin. Illinois law requires an allegation of the survivorship of a beneficiary within the category of persons entitled to recover under the Wrongful Death Act. *Gustafson v. Consumers Sales Agency, Inc.*, 414 Ill. 235, 110 N.E.2d 865 (1953). Havey, as administrator of Bee's estate, seeks redress for the violation of Bee's constitutional rights and to recover damages for his pre-death physical injuries, including conscious pain and suffering; Havey has not stated a claim on her own behalf or on behalf of Bee's next of kin. The complaint contains no language which can be construed as an allegation of a beneficiary entitled to recover under the Act. Therefore, no right to recovery under the Act is asserted. Consequently, Havey's count I is dismissed.

### CONCLUSION

For the forgoing reasons, Havey's *respondeat superior* claims are stricken from the complaint and count I of the complaint, the wrongful death claim, is dismissed. Accordingly, the defendants' motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED.